## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

_____

|  |  |
|---|---|
| **MARIA SILES**, | : |
| | : |
| *Individually and on behalf of All Others* | : |
| *Similarly Situated*, | : |
| | : |
| Plaintiff(s), | : |
| | : |
| v. | : |
| | : |
| **VRL CONTRACTING AGENCY, LLC** | : |
| 100 N. Washington St. | : |
| Ste 302 | : |
| Falls Church, VA 22046 | : |
| | : Civil Action No. _____ |
| | : |
| Serve: R/A: Vardying R. Lopez | : District Judge: _____ |
| 100 N. Washington St. | : |
| Ste 302 | : Magistrate Judge: _____ |
| Falls Church, VA 22046 | : |
| | : |
| And | : |
| | : |
| **VARDYING R. LOPEZ** | : |
| 100 N. Washington St. | : |
| Ste 302 | : |
| Falls Church, VA 22046 | : |
| | : |
| Serve: Vardying R. Lopez | : |
| 100 N. Washington St. | : |
| Ste 302 | : |
| Falls Church, VA 22046 | : |
| | : |
| Defendant(s). | : |
| | : |

## **COMPLAINT**

COMES NOW, the Plaintiff Maria Siles ("Plaintiff"), by and through her undersigned

counsel, and moves this Honorable Court for judgment against the Defendants, VRL Contracting

Agency, LLC ("VRL") and Vardying R. Lopez ("Mr. Lopez") (VRL and Mr. Lopez collectively

"Defendants"), for damages and other relief relating to violations of the Fair Labor Standards

Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiff states the following as her claims against

Defendants:

## Overview

1.      Plaintiff brings claims to recover unpaid overtime compensation under the FLSA.  She

brings these claims on her own behalf, and as a collective action on behalf of all current or

former similarly situated home health aides and/or personal care assistants, who may choose to

opt into this action under 29 U.S.C. § 216(b).

2.      As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5

times their regular rate of pay for all hours worked over forty (40) in a workweek.  By doing so,

Defendants have violated the FLSA.

## Parties

1.      Plaintiff is, and at all times relevant hereto, an adult resident of the Commonwealth of

Virginia, specifically residing in Fairfax County.

2.      Plaintiff was a former employee of Defendants as a Home Health Aide ("HHA") and/or

Personal Care Assistant ("PCA") from approximately March 2018 to December 2018.

3.      Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA

claims asserted.  Plaintiff's consent form is attached as **Exhibit A**, and incorporated herein by such

reference.

4.      Plaintiff and those similarly situated are or were employees of Defendants within the

meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5.      Defendant, VRL, is a Virginia corporation with locations within the Commonwealth of

Virginia and is licensed to transact business within the Commonwealth of Virginia. Their principle office is located in Falls Church, Virginia in Fairfax County.

6.      VRL is a home health care agency that provides in-home health care services and related personal care assistant services for children and adults primarily in the Commonwealth of Virginia.

7.      VRL is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

8.      At all times, Mr. Lopez, individually, held a substantial ownership and financial interest in VRL and its business operations.

9.      At all times, Mr. Lopez, individually, was the most senior officer and manager of VRL and had substantial control to make business decisions affecting VRL' business operations and the employees working for VRL.

10.      Mr. Lopez, oversaw and controlled VRL' employee's work schedules and work hours.

11.      Mr. Lopez, set and had the power to change VRL employee's rate and method of pay.

12.      At all times, Mr. Lopez, decided to not pay VRL HHA/PCA employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) each week.

13.      In addition, VRL instituted a payroll structure using bonuses to attempt to circumvent paying overtime. As such this was an intentional, and institutionalized structure, which was overseen by Mr. Lopez.

14.      At all relevant times, both VRL and Mr. Lopez were, and have been, "employers" of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.      Plaintiff, and all those similarly situated, are or were individual employees engaged in

commerce or in the production of goods or services for commerce.  29 U.S.C. § 207.

16.     Defendant, Mr. Lopez, is the owner and operator of VRL.  Upon information and belief he lives in the Commonwealth of Virginia

17.     Plaintiff worked out principally in Fairfax County, Virginia while an employee of Defendants.

## Jurisdiction and Venue

18.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the Fair Labor Standards Act.

19.     This Court has personal jurisdiction over Defendants because Defendants are domiciled in and regularly conduct business in the Commonwealth of Virginia.

20.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## Statement of Facts

21.     Plaintiff and those similarly situated work or worked for Defendants as HHA/PCAs to provide companionship and related in-home care services for Defendants' clients.

22.     Defendants knowingly suffered and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

23.     During her employment with Defendants, Plaintiff often works between approximately sixty (60) and seventy-five (75) (or more) hours per week.  On some occasions working 13 hours a day, for approximately 7 straight days.

24.     At all times, Defendants have had actual knowledge of all hours Plaintiff and those similarly situated worked because Plaintiff and those similarly situated submit weekly time sheets

to Defendants' offices and Defendants affirm the accuracy of these records an submit the same records to the Federal Government and other third parties for payment and/or reimbursement.

25.     Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours more than forty (40) per workweek.

26.     Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants paid Plaintiff and those similarly situated only "straight time" (hourly rate only) for overtime worked over forty (40) hours per week.  *See* 29 U.S.C. § 207.

27.     By way of example as to Plaintiff, for the two (2) week pay period spanning March 12, 2018 through March 25, 2018, her first pay period with Defendants, Plaintiff worked one hundred ninety-two (192) hours. Plaintiff was paid $10.00 per hour for all one hundred ninety (192) hours. At the very minimum, Plaintiff should have been paid overtime pay at a rate of $15.00 per hour (1.5 x normal rate of $10.00 per hour) for one hundred twelve (112) hours, assuming that Plaintiff worked a minimum of forty (40) hours in each week of the pay period. Plaintiff was deprived overtime pay at $15.00 per hour (1.5 x normal rate of $10.00 per hour) for at least one hundred twelve (112) hours and is owed, at the minimum, $560.00 in unpaid wages during such pay period (112 hours x $15.00 – 112 hours x $10.00).

28.     In what appears to be an effort to not raise suspicion as to unpaid overtime wages, Defendants concocted a scheme to not identify more than eighty (80) hours worked over any two (2) time span in any single paycheck. Such scheme is obvious in the example to Plaintiff during the two (2) week pay period spanning March 12, 2018 through March 25, 2018. Defendants provided Plaintiff with three (3) separate checks and pay receipts, one (1) for eighty (80) hours,

showing a year-to-date amount of $800.00 (80 hours x $10/hour); one (1) for another eighty (80) hours, showing a year-to-date amount of $1,600.00 (160 hours x $10/hour); and the last one (1) for $320.00, showing a year-to-date amount of $1,920.00. Plaintiff's pay receipts for the two (2) week pay period spanning March 12, 2018 through March 25, 2018 are attached hereto collectively as **Exhibit B** and incorporated herein by such reference. Each of these pay receipts identify a pay period of March 12, 2018 through March 25, 2018 and a pay date of April 2, 2018.

29.    At all times during Plaintiff's period of employment, Defendants knew or should have known the FLSA time-and-one-half overtime requirement.

30.    Defendants knew or should have known that their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## <u>COLLECTIVE ACITON ALELGATIONS</u>

31.    Plaintiff brings this action individually and on behalf and all similarly situated individuals.

32.    Plaintiff seeks certification of the following FLSA collective:

>    All current or former Home Health Aides, Personal Care Assistants, or other similar job titles, who work or have worked for Defendants, and, at any time during the three years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) in that week (the "FLSA Collective").

33.    Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

34.    The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves, and also states an exemption for live in domestic service workers. See 29 U.S.C. §§ 213(b)(21) and

213(a)(15).

35.     In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third –party agencies or employers.

36.     Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 442.109(a).

37.     As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

38.     Since January 1, 2015, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

39.     Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 207 and 215(a)(2).

40.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

### CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq*.
(On Behalf of Plaintiff and the FLSA Collective against all Defendants)

41.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all paragraphs of this Complaint.

42.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

43.     Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

44.     Defendants knew, or showed reckless disregard of the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

45.     Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

46.     Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, pre and post judgment interest, and attorney fees and costs, under the FLSA.

## **RELIEF SOUGHT**

**WHEREFORE**, the premises considered, Plaintiff, individually and on behalf of those similarly situated, respectfully prays for relief as follows:

A.  Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B.  Judgement against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C.  Judgment that Defendants' violations of the FLSA were willful;

D.  An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E.  An award of pre- and post- judgment interest;

F.  An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G.  Leave to add additional plaintiffs by motion, filing of written consent forms, or any other

method approved by the Court; and

H.  Such further relief as may be necessary and appropriate.

Dated: August 7, 2019                                    Respectfully submitted,

                                                         By Counsel

                                                         /s/   Claudia Lopez-Knapp
                                                         Claudia Lopez-Knapp (VSB No. 92367)
                                                         Robert Powers (VSB No. 80822)
                                                         Andrea Harris (VSB No. 90022)
                                                         Dirk McClanahan (VSB No. 81208)
                                                         Zach Miller (VSB No. 85860)
                                                         MCCLANAHAN POWERS, PLLC
                                                         8133 Leesburg Pike, Suite 130
                                                         Vienna, VA 22182
                                                         Telephone: (703) 520-1326
                                                         Facsimile:  (703) 828-0205
                                                         Email: aharris@mcplegal.com
                                                                rpowers@mcplegal.com
                                                                dmcclanahan@mcplegal.com
                                                                zmiller@mcplegal.com
                                                                clopezknapp@mcplegal.com
                                                                pghale@mcplegal.com
                                                         *Counsel for Plaintiff and the FLSA
                                                         Collective*

## CERTIFICATE OF TRANSMISSION

I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: August 7, 2019                              By:/s/ _Claudia Lopez-Knapp
                                                     One of the Attorneys for Plaintiff
                                                     and the FLSA Collective